## FRENCH et al. v. OKLAHOMA PUBLISHING CO.

No. 21774.    Jan. 16, 1934.

Sam S. Gill, for plaintiffs in error.

Pierce, McClelland, Kneeland & Bailey, for defendant in error.

OSBORN, J. This action was commenced in the district court of Oklahoma county by the Oklahoma Publishing Company, a corporation, against A. M. French and W. F. French, doing business as French Brothers, to recover a balance due for certain advertising furnished defendants under a written contract. The cause came on for trial, and the court sustained a motion for judgment on the pleadings in favor of plaintiff. From said judgment, defendants have appealed. The parties will be referred to as they appeared in the trial court.

The only assignment of error presented is that the trial court erred in overruling a demurrer to plaintiff's petition. Defendants demurred to the petition on the ground that the action was prematurely brought, and this involves an interpretation of the provisions of the contract. The pertinent provisions of the contract are as follows:

"Oklahoma City, Oklahoma, Feb. 1, 1929.

"We hereby purchase and agree to furnish copy for classified display advertising as follows:

"(Daily Oklahoman and Times): Three inches weekly, combination, in the Daily Oklahoman and Times at the combination rate of $2.94 for a period of 52 weeks from date.

"(Sunday Oklahoman): Three inches to be run each and every Sunday at the rate of $2.15 for a period of 52 weeks from date.

"It is agreed that in case the space contracted for is not used, the space actually used will be paid for at open rate in effect when the contract is signed. In case more space is used than is contracted for, it is understood that we are to enjoy the rate that we earn, according to the current rate card—rate earned to be figured at end of contract."

It is pointed out that defendants contracted for a total of 312 inches of advertising and during February and March, the first two months that the contract was in effect, actually used 370 inches. Defendants contend that the contract did not expire until February 1, 1930, and since more space was used than the amount contracted for, the language, "rate earned to be figured at end of contract," would prevent the maintenance of an action until the expiration of the contract. Viewing the above provision of the contract in its entirety, there is no merit in said contention. It is plain that, according to the terms of the contract, if more space was used than that contracted for, the rate was to be charged according to the current rate-card; in other words, the rate that was in effect at the time the advertising was fur-

nished. The contract does not provide whether the payments were to be made weekly, monthly, or annually, so we must presume that the payments were to be made within a reasonable time after the furnishing of the advertising. The last advertising was furnished in March and the action was not commenced until October, so that it cannot be said that plaintiff was attempting to force payment at an unreasonable time.

No other errors are assigned, and defendants' sole contention is wholly without merit. The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and McNEILL and BUSBY, JJ., concur.